UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KARIN KNIGHTON,  No. 2:11-cv-00772-MCE-KJN

      Plaintiff,

  v.  PRETRIAL SCHEDULING ORDER

CIGNA GROUP INSURANCE, et al.,

      Defendants.
_____/

    After reviewing the parties' Joint Status Report, the Court makes the following Pretrial Scheduling Order.

    I.    SERVICE OF PROCESS

    All named Defendants have been served and no further service is permitted without leave of court, good cause having been shown.

    II.    ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

    No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.

///

///

///

1

1    III.  JURISDICTION/VENUE

2    Jurisdiction is predicated upon 28 U.S.C. section 1337 and
3    29 U.S.C. section 1132(e).  Jurisdiction and venue are not
4    contested.

5    IV.  DISCOVERY

6    This case is governed by ERISA, therefore, all evidence for
7    trial will be limited to the administrative record.  The Court
8    will allow a limited period of additional discovery in order to
9    assess whether a conflict of interest affected the decision-
10   making process.

11   All discovery shall be completed by **November 1, 2011**.  In
12   this context, "completed" means that all discovery shall have
13   been conducted so that all depositions have been taken and any
14   disputes relative to discovery shall have been resolved by
15   appropriate order if necessary and, where discovery has been
16   ordered, the order has been obeyed.  All motions to compel
17   discovery must be noticed on the magistrate judge's calendar in
18   accordance with the local rules of this Court.

19   V.    ADMINISTRATIVE RECORD

20   Defendants shall provide Plaintiff a copy of the entire
21   administrative record within **60** days of the date of this Pretrial
22   Scheduling Order.  The filing of the written administrative
23   record shall be not later than **January 24, 2012.**
24   ///
25   ///
26   ///
27   ///
28   ///

VI.   MOTION HEARING SCHEDULE

The Plaintiff's dispositive motion shall be filed by **January 24, 2012.**  Defendants' opposition to Plaintiff's motion and Defendants' cross-motion, if any, shall be filed by **February 7, 2012.**  Plaintiff's reply and opposition to Defendants' cross-motion shall be filed by **February 21, 2012.**  Defendants' reply shall be filed by **March 7, 2012.**  Hearing on such motions shall be on **March 21, 2012,** at **2:00 p.m.**

All purely legal issues are to be resolved by timely pretrial motions.  Failure to comply with Local Rules 230 and 260, as modified by this Order, may be deemed consent to the motion and the Court may dispose of the motion summarily.  Further, failure to timely oppose a summary judgment motion[1] may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate that a genuine issue of material fact remains for trial.

The Court places a page limit of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made in writing to the Court setting forth any and all reasons for any increase in page limit at least fourteen (14) days prior to the filing of the motion.

For the Court's convenience, citations to Supreme Court cases should include parallel citations to the Supreme Court Reporter.

---

[1] The Court urges any party that contemplates bringing a motion for summary judgment or who must oppose a motion for summary judgment to review Local Rule 260.

3

VII. <u>SETTLEMENT CONFERENCE</u>

The Court may set a settlement conference if the parties so request.  In the event an early settlement conference date is requested, the parties shall file said request jointly, in writing.  The request must state whether the parties waive disqualification, pursuant to Local Rule 270(b), before a settlement judge can be assigned to the case.  Absent the parties' affirmatively requesting that the assigned Judge or Magistrate Judge participate in the settlement conference AND waiver, pursuant to Local Rule 270(b), a settlement judge will be randomly assigned to the case.

VIII. <u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

Pursuant to Local Rule 271 parties will need to lodge a stipulation and proposed order requesting referral to the Voluntary Dispute Resolution Program.

IX. <u>MODIFICATION OF PRETRIAL SCHEDULING ORDER</u>

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of **good cause**.  Agreement by the parties pursuant to stipulation alone to modify the Pretrial Scheduling Order does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel will not constitute good cause.

///
///
///
///

4

X.   OBJECTIONS TO PRETRIAL SCHEDULING ORDER

This Pretrial Scheduling Order will become final without further order of the Court unless objections are filed within seven (7) <u>court</u> days of service of this Order.

IT IS SO ORDERED.

Dated: July 28, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE